Joseph Schwam and Marion Schwam, Petitioners v. Commissioner.
Schwam v. Commissioner
Docket No. 1370-70 SC.
United States Tax Court
T.C. Memo 1970-357; 1970 Tax Ct. Memo LEXIS 4; 29 T.C.M. (CCH) 1783; T.C.M. (RIA) 70357; December 31, 1970, Filed James J. Richman, 120-48 Queens Blvd., Kew Gardens, N. Y., for the petitioners. A. Mills McCawley, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $680.75 in petitioners' income tax for the taxable year 1966. Because of certain concessions by petitioners, the sole issue before us concerns the deductibility as ordinary and necessary business expenses under section 162 [1] of restitution payments claimed to have been made by Mr. Schwam to his employer because of alleged shortages in a fund under his control. Petitioners had their legal residence in Forest Hills, New York, at the time the petition herein was filed. Their 1966 Federal *5 income tax return was filed with the district director of internal revenue, Brooklyn, New York. During 1966, Mr. Schwam was employed by the Rivoli Theatre, New York, New York. He was one of four union treasurers employed by the theater for its reserved seat engagement of the film version of "The Sound of Music." Although the duties of all four treasurers were similar, Mr. Schwam was in charge of the other three treasurers. Their duties consisted primarily of selling tickets, filling mail orders, and 1784 arranging for theater party tickets. Because of the large amounts of money involved, the union treasurers were bonded on every job. Petitioners claim that they are entitled to the deduction involved herein for the following reasons: (1) Several months after the opening of "The Sound of Music," a count of tickets sold and cash on hand disclosed a shortage of $10,691.74. (2) When this was brought to the attention of the theater management, Mr. Schwam and the other three treasurers were told that if they did not make restitution their bonding would be withdrawn. (3) Restitution payments of said sum in equal shares were made by each of the four treasurers. Petitioner Joseph *6 Schwam was the sole witness. He testified that he paid the amount in question in cash, that he was obligated to make the payment by a union contract, and that he would have lost his job had payment not been made. At the original trial, the Court made it clear to Mr. Schwam and to petitioners' counsel that it was not2satisfied with Mr. Schwam's uncorroborated testimony and that further evidence was needed to support the testimony in order to enable petitioners to meet their burden of proof. The record was kept open in order to afford petitioners an opportunity to present corroborative evidence of payment (such as the passbook which Mr. Schwam testified he had and which would support his assertion that the money was withdrawn from a savings account at the time the payment was alleged to have been made) and evidence that he was bonded and was required to make the payment (such as the bond and the union contract in effect during the relevant period). A further hearing was held but, in spite of the fact that petitioners were represented by counsel and were fully advised as to what should be submitted, no such evidence was produced. [2] Nor was there any other corroborative evidence, e.g. *7 , the testimony of other persons involved in the repayment, presented. We therefore remain unconvinced that Mr. Schwam either made or was required to make the claimed payment. Under the circumstances, we have no alternative but to hold that petitioners have failed to meet their burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice.
Decision will be entered for the respondent. Footnotes
1. All references, unless otherwise specified, are to the Internal Revenue Code of 1954, as amended.↩
2. The following further evidence was submitted: (a) a letter on the stationery of United Artists, which purported to show payment was excluded as hearsay. (b) a bond covering a period subsequent to that involved herein was excluded as irrelevant and immaterial. (c) a union contract covering the employment of Mr. Schwam as treasurer for the run of "Sound of Music" was received in evidence but it revealed nothing as to any obligation of Mr. Schwam to make good shortages.↩